# Samuel T. Spear v. Charles D. Hadden and others.

*Mortgages: Foreclosures: Bill: Discharge: Subsequent purchaser: Burden of proof.* A bill to foreclose a mortgage which has been discharged of record, for a lien obtained by virtue of the purchase by complainant of one of several notes secured by it, which makes the present owner of the premises a defendant, under the usual allegation that he claims some rights as purchaser subject to the mortgage, is sufficient to permit complainant to introduce proof to invalidate the discharge; and it is not necessary that the facts which would invalidate the discharge should be set out in the bill; the complainant must show by his bill a *prima facie* title as assignee, and if such defendant relies upon a discharge, it is for him to allege and prove it.

*Mortgages: Agreement to pay increased rate of interest: Personal undertaking: Subsequent purchaser.* An agreement endorsed after its maturity upon a note bearing seven per cent. interest, and secured by mortgage, whereby purchasers from the mortgagors of the mortgaged premises undertake to pay ten per

cent. interest on the same thereafter, is but a personal undertaking, not secured by the mortgage, even as against the promisors, and much less as against a subsequent purchaser of the lands who had not assented to the agreement.

*Foreclosure: Decree: Sale of undivided interests: Land mortgaged as a whole.* A decree which directs a sale of undivided interests in land mortgaged as a whole is erroneous; but where it directs a sale of each of two separate undivided interests for the whole amount of the principal, with interest at different rates, its injustice is so manifest as to lead to the inference that it was so drawn by inadvertence.

*Practice: Foreclosures: Chancery appeals: Immaterial questions.* Questions on a foreclosure record which do not affect the complainant's right to a decree, and which are presented upon needless proceedings and allegations, will not be considered on an appeal from the decree in his favor.

*Foreclosures: Complainant's title: Evidence.* Proof in a foreclosure case, that the note which is the basis of the proceedings does not belong to the complainant, but to other parties who use complainant's name for the purposes of the suit, does not affect the proceeding any farther than to entitle defendants to the benefit of any defense they might have against the real owners.

*Heard January 19. Decided January 29.*

Appeal in Chancery from St. Joseph Circuit.

*Edward Bacon*, for complainant.

*Daniel Blackman*, for defendant Hadden.

COOLEY, J.

The bill in this case was filed to foreclose a mortgage, the complainant claiming to be holder of one of several notes secured by it. The complainant never had any assignment of the mortgage, but claims a lien by virtue of his purchase of the note. The other notes have been paid, and defendant Hadden claims to be a *bona fide* purchaser of the mortgaged premises, without notice of the non-payment of this note, and with the mortgage discharged of record.

The bill makes Hadden a defendant under the usual allegation that he claims some rights as purchaser subject to the mortgage. It is objected that this allegation is not sufficient to permit the complainant to introduce proof to disturb the discharge of the mortgage, which has been entered of record, but that the facts which would invalidate

the discharge should have been set out in the bill. We do not concur in this view. Complainant must show by his bill a *prima facie* title as assignee, and if defendant Hadden relied upon a discharge, it was for him to allege and prove it. We do not think he has shown that he purchased in the belief that this note was paid.

Another question in the case arises upon an agreement made by two of three persons who had purchased the land of the mortgagors, to pay interest upon this note exceeding that promised by its terms. The note was given bearing seven per cent. interest, and was, of course, secured by the mortgage at that rate; but being overdue, these persons endorsed upon it an agreement signed by them in the following words: " We agree to pay ten per cent. interest on the within bill, from and after September 1st, 1861." Complainant prayed a decree for this additional interest, as being covered by the mortgage, and the court made a decree for a sale of the land to satisfy the amount of the note computed according to this indorsement. This was erroneous. The promise was a personal undertaking, and was not secured by the mortgage, even as against the promisors; much less could it be so as against a subsequent purchaser who had not assented to it.

A still greater error was committed in so drafting the decree as to order an undivided one-third of the land to be sold to satisfy the amount of the note, computing interest at seven per cent., and the other undivided two-thirds to be sold to satisfy the same principal with ten per cent. interest. In this manner the complainant has decree for more than twice the sum for which the land stood chargeable. If the gross sum were not excessive, the decree would be erroneous in directing a sale of undivided interests in land mortgaged as a whole; but, as it stands, its injustice is manifest, and must probably be attributed to inadvertence in drafting it.

There are numerous questions on the record which seem to us to have been made without necessity, but as they do

not affect complainant's right to a decree, and are presented upon needless proceedings or allegations, we pass them by without comment. The objection that the note is shown to belong not to complainant, but to parties who use his name for the purposes of the suit, is probably well taken in fact; but it does not affect the proceeding any farther than to entitle defendants to the benefit of any defense they might have against the owners.

The decree must be set aside, with the costs of this court, and a decree entered here for the sum of $2,285 26, the amount reported due by the commissioner, with interest at the rate of seven per cent. from August 16th, 1873, and the costs of the court below; and the cause will be remanded for further proceedings.

CAMPBELL, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.